UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARK D. OLIVER, )<br>)<br>Petitioner )<br>)<br>v. )<br>)<br>SUPERINTENDENT, INDIANA )<br>STATE PRISON, )<br>)<br>Respondent ) | CAUSE NO. 3:06-CV-497 RM |

OPINION AND ORDER

Petitioner Mark Oliver has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Mr. Oliver's petition establishes that he was convicted on May 7, 1993, that he was sentenced to three years confinement, and that he did not file a direct appeal. Mr. Oliver filed a petition for post-conviction relief on October 23, 2003 and unsuccessfully appealed the denial of post-conviction relief. The Indiana Supreme Court denied transfer on March 15, 2006.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, a district court may dismiss a habeas corpus petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief. *See* Dellenbach v. Hanks, 76 F.3d 820 (7th Cir. 1996).

In 1993, Mr. Oliver was sentenced to three years as a result of the conviction he now seeks to challenge. He has long since served that sentence. When a prisoner completes a sentence, any challenge to the validity of his conviction or sentence becomes moot unless he continues to suffer collateral consequences that may be redressed in a petition for writ

of habeas corpus. Spencer v. Kemna, 523 U.S. 1 (1998). Mr. Oliver does not assert that he is suffering collateral consequences from this conviction.

Moreover, even if Mr. Oliver were still in custody on his 1993 conviction, the statute of limitations bars habeas review. This petition is governed by 28 U.S.C. §2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief, and provides that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for filing a petition for writ of certiorari to the United States Supreme Court has passed. Griffith v. Kentucky, 479 U.S. 413, 321 n. 3 (1987). Any prisoner whose conviction became final before April 24, 1996, when

the AEDPA went into effect, received a one-year grace period within which to file a petition for writ of habeas corpus. Newell v. Hanks, 283 F.3d 827, 832 (7th Cir. 2002). Accordingly, the petitioner's statute of limitations expired on April 24, 1997, id. at 832-833, unless the statute was tolled by a subsequent state court proceeding.

Mr. Oliver filed a petition for post-conviction relief, but not until more than five years after the statute of limitations ran. Because Mr. Oliver filed his petition for post-conviction relief after the statute of limitations established by 28 U.S.C § 2244(d)(1) expired, that filing did not toll the statute of limitations pursuant to § 2244(d)(2).

Mr. Oliver's traverse does not suggest that state action created an impediment to filing a habeas application in violation of the Constitution or laws of the United States, that he is relying on a right that the Supreme Court has newly recognized and made retroactively applicable to cases on collateral review, or that he could not have timely discovered the factual predicate of his claims through the exercise of due diligence. 28 U.S.C. §2244(d)(1). Accordingly, his petition is untimely.

For the foregoing reasons, the court DENIES this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED.

ENTERED: October  3 , 2006

                                           /s/ Robert L. Miller, Jr.
                                        Chief Judge
                                        United States District Court